Derbigny, J.
delivered the opinion of the court, . . The plaintiff and appellant complains that the appellee retains for himself and pretends to keep possession of a tract of land, which he had *244 purchased for the appellant, anil the price of which he paid with the appellant’s money. The jury found the facts to be as represented by the plaintiff; and judgment having nevertheless been rendered against him, he appealed.
. , . » -l he principles in matter at agency are genera|]y so certain, and the duties of the agent so well understood, that we do not deem itneces-sary to enter into much demonstration on so plain a subject. Sicut liberum est mandatum non suscipere, ita susceptum consummari opportet. The obligation once contracted must be complied with. If the proxy, who bought a thing for his principal, caused the contract of sale to be made in his own name, instead of the name of his constituent, there remains something to be done on his part to fulfil his obligation, and that is, to transfer the purchase to the person for whom he bought. To pretend that, by causing the instrument of sale to be executed in his name, he must be considered as the owner, because it so appears on the face of the instrument, is to misunderstand the rule by which parol evidence is made inadmissible against or beyond the contents of a written act. No such .thing is attempted here as contradicting the contents of the act; the plaintiff a,dmi|s the whole of it; but he says that, no such act ought *245 to have been executed to the defendant in Ids own name, because he purchased as agent $ aatPhe says that after having; caused the ' n to be so made, he is bound to transfer the perty to his principal. 4 . •
The defendant is equally mistaken, when thinks that the plaintiff can demand nothjng. more of him than a compensation in Such indemnity is due by the agent in case» < nonfeasance or misfeasance through negle but, when the obligation of the agent has been’ . fulfilled in part, and it is in his power to fujfiiv/y it altogether, the principal has a right to require , the contract to be carried into effect to the ¿0'~
The plaintiff, in the course of the trial helo* had prayed leave to discontinue, and entered"⅛ bill of exceptions against the refusal of tb judge to grant his request. But being of opir ion that he must succeed as the case now stands/¶ we deemed it useless to investigate that qucstion.
It is adjudged and decreed, that the judgment of the district court be reversed ; and this court proceeding to give such judgment as ought to have been rendered below, do order and decree that the plaintiff and appellant do recover from the appellee the tract of land in contro- *246 ~hd, that tli~ appellee do tr4nsfer aiil ~ The same to him ; and it is furiiicr or- ~tt~t~ed that the appellee do pay
costs. `VIJson for th~ p~aintiff, Ba1d~ein for the f&~dant.~ -